**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JAMES LAURENT,

    Plaintiff,

 v.                                                                                      No. CIV 11-0721 BB/KBM

ERIC HOLDER, U.S. ATTORNEY
GENERAL
U.S. BUREAU OF PRISON;
OFFICER BURBANK
CORRECTIONS CORPORATION OF
AMERICA; AND
MR. LEE VAUGHN, WARDEN OF
CIBOLA CORRECTIONAL CENTER,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Also before the Court are Plaintiff's motions for subpoenae (Doc. 8) and for adjustment of fees (Doc. 9). Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In

reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff alleges he was asleep in his prison cell when a "stand up count" was taken. In order to wake him up, Defendant Burbank kicked Plaintiff "with her steel boots," causing sharp pain and swelling. He reported the incident and was taken to the medical facility. Plaintiff's grievances were unavailing. Defendant Burbank and her husband, who is a sergeant at the prison, have allegedly harassed Plaintiff since the incident, "giving him threatening and hateful looks." Plaintiff contends that these actions have violated his constitutional rights, and he seeks damages and certain equitable relief.

No relief is available on Plaintiff's claims against named parties other than Defendant Burbank. His only factual allegations against other Defendants are that Warden Vaughn "stonewalled" his efforts to obtain administrative relief and BOP denied his appeal. "[P]rovision of an administrative grievance process [does not] create a liberty interest in that process." *Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011); *and see Merryfield v. Jordan*, 431 F. App'x 743, 750 (10th Cir. 2011). "When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance.' " *Rauh v. Ward*, 112 F. App'x 692, 694 (10th Cir. 2004) (quoting *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991). Nor "can [officials] be considered deliberately indifferent simply because they failed to respond directly to the [post-deprivation] complaints of a prisoner." *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993). The Court will dismiss Plaintiff's claims of failure to investigate or respond to grievances against Defendants Vaughn and U.S. Bureau of Prison.

The complaint makes no allegations against Defendants Holder or Corrections Corporation of America. Plaintiff thus fails to affirmatively link these Defendants to asserted violations. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a civil rights complaint, Plaintiff must allege some personal involvement by a defendant in the constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). Claims against a defendant may not be based solely on a theory of respondeat superior liability for the actions of the defendant's subordinates or employees. *See id.* The Court will dismiss Plaintiff's claims against Defendants Holder and Corrections Corporation of America.

Plaintiff's motion for subpoenae and other relief is construed as a motion for discovery. The motion will be denied without prejudice at this time. *See* D.N.M.LR-Civ.16.3(d), 26.4(a), 26.5(a). The motion for adjustment of fees will be denied as moot.

IT IS THEREFORE ORDERED that Plaintiff's motion for subpoenae (Doc. 8) is DENIED at this time, and the motion for adjustment of fees (Doc. 9) is DENIED as moot;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendants Holder, U.S. Bureau of Prison, Corrections Corporation of America, and Vaughn are DISMISSED; and these Defendants are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of the complaint and this Order, for Defendant Officer L. Burbank.

_____
UNITED STATES DISTRICT JUDGE